

**LAW OFFICES OF RAHUL WANCHOO**
Attorneys for Plaintiff
Empire State Building
350 Fifth Avenue, 59th Floor
New York, New York 10118
Phone: (646) 593-8866
Fax:   (212) 618-0213
E-mail: rwanchoo@wanchoolaw.com

**08 CV 3533**



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

MINMETALS SHIPPING & FORWARDING
CO. LTD.

               Plaintiff,

- against -

HBC HAMBURG BULK CARRIERS GmbH, & KG.

               Defendant.

-----------------------------------------------------------X

ECF CASE

08 CIV ____ (___)

**VERIFIED COMPLAINT**

     Plaintiff, MINMETALS SHIPPING & FORWARDING CO. LTD. ("Plaintiff"), by its attorneys, LAW OFFICES OF RAHUL WANCHOO, alleges on information and belief as follows:

### JURISDICTION AND VENUE

     1.     This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court. This case also falls under the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. Finally, this Court also has

jurisdiction over this matter because the action also arises under the convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et. seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et. seq.*

## THE PARTIES

2. At all material times, Plaintiff was and now is a foreign corporation organized under and existing by virtue of the laws of the People's Republic of China, and was the charterer of the M.V. FLORIANA BREEZE, ("Vessel"), a bulk carrier of about 39,005 deadweight tons capacity, engaged in carriage of bulk cargo by water.

3. Upon information and belief, at all material times, Defendant, HBC BULK CARRIER GmbH & Co. KG ("Defendant"), was and now is a foreign corporation organized under and existing by virtue of the laws of Germany, and was the time chartered owner of the Vessel.

## FACTS GIVING RIGHTS TO CLAIM

4. On or about March 5, 2008, a voyage charter party (the "Charter") was made between Plaintiff, as charterer of the Vessel, and HBC as owner whereby Plaintiff chartered the Vessel for the carriage of iron ore.

5. Specifically, Plaintiff chartered the Vessel to carry a full and complete cargo of minimum 34,000 metric tons of iron ore from San Nicholas, Argentina to Kang Hong port, China (near Fu Zhou Province). It was an express term of the Charter that the Vessel "being warranted tight, staunch and strong, and in every way fitted for the voyage shall after delivery of her outward cargo, if any, proceed with all convenient speed to one or two safe berth(s), one safe port of San Nicolas, Argentina." The Charter also provided a lay cancelling date of March 21, 2008 and freight was payable at $110 per metric ton F.I.O.S.T. basis.

2

6. The Vessel was due to load from San Nicholas in March 2008 with a laycan of March 16-21, 2008. At Defendant's request, Plaintiff extended the Charter cancelling date to March 26, 2008. Defendant thereafter requested a further extension up to March 31, 2008. Plaintiff initially declined to grant the extension as the Vessel had been sub-chartered on back to back terms and the sub-charterer had its commitments under its sale contact with the sellers of the cargo. Subsequently the parties agreed that the Vessel would be accepted by Plaintiff provided that laytime would not start until the Vessel "was all made fast" at her loading berth. However, Defendant once again failed to meet that commitment. The Charter did not allow substitution by the Defendant.

7. Initially, Defendant wrongly advised Plaintiff that the Vessel's delay was attributed to bad weather. Further delays were notified. However, Plaintiff subsequently discovered that the Vessel had suffered serious mechanical deficiency, which ultimately resulted in the Vessel being withdrawn from the service of the Defendant by the registered owner and was manifestly unable to perform the Charter with Plaintiff at any time constituting repudiatory breach. By reason of Defendant's misrepresentation and lack of reasonable care regarding true ETA and Vessel's position and/or breach of its duty to perform with reasonable dispatch, Plaintiff is entitled to damages for Defendant's failure to meet its obligations under the Charter following Plaintiff's acceptance of Defendant's repudiatory breaches.

8. Plaintiff in order to meet its commitments under the sub-charter and to mitigate its damages has chartered, in difficult circumstances, a substitute vessel, although at a substantially higher freight rate of $149 per metric ton. The difference between the old charter rate and the new charter rate is $39 per metric ton ($110/mt - $149/mt), which amounts to an increased freight payable by the Plaintiff of $1,326,000.00 (34,000 mt x $39/mt).

9. By reasons of the premises, Plaintiff has sustained damages in the amount of $1,326,000.00 as best as can presently be calculated.

10. The Charter also provided in that, if any dispute arises between the parties, the matter in dispute shall be referred to arbitration and English Law to apply. In addition to its principal claim Plaintiff is also entitled, in London, to attorneys' fees and other taxable costs incurred or likely to be incurred in bringing this claim, which as best as can presently be calculated, are $300,000.00, and which are recoverable there. (*See Winter Storm Shipping, Ltd. v. TPI*, 310 F.3d 263, 265 (2d Cir. 2002), where the attachment that the Court of Appeals reinstated covered "an amount that includes interest and anticipated attorneys' and arbitrators' fees.")

11. Arbitration of these disputes in London may take up to three years. Plaintiff is entitled to and would receive compound interest at the rate of 8% compounded three-monthly from March 21, 2008 to February 28, 2011 to the completion of the arbitration of about $355,689.00.

12. Plaintiff's total claim against Defendant for which it seeks security herein is $1,981,689.00 ($1,326,000.00 + $300,000.00 + $355,689.00)

13. All and singular the premises are true and within the admiralty and maritime jurisdiction of this Honorable Court.

14. Plaintiff brings this action by seeking an order of seizure of Defendant's goods and chattels, or credits and effects in the hands of garnishees to be named in the process, in the amount sued for herein, so that the Court shall have jurisdiction to direct Defendant to proceed with arbitration of Plaintiff's claim against Defendant and to retain jurisdiction to enter a judgment upon the arbitration award in the London arbitration.

4

**WHEREFORE,** the Plaintiff prays the following:

1.  That process in due form of law according to the practice of this Court in causes of admiralty and maritime jurisdiction may issue against Defendant, HBC Bulk Carriers GmbH & Co. Hamburg that it be personally cited to appear and answer the matters set forth above;

2.  That if the Defendant cannot be found within this District, then that Defendant's goods and chattels, or credits and effects within the hands of garnishees within the jurisdiction of this Court be attached by process pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims and in an amount sufficient to answer Plaintiff's claims of $1,981,689.00, the sum sued for in this Complaint;

3.  That the action thereafter be stayed pending the arbitration award and that a judgment be entered upon the award of the aforesaid arbitration for the amount of any recovery by Plaintiff, together with interest, costs and disbursements of this action; and

4.  That this Court grants to Plaintiff such other and further relief as may be just and proper in the circumstances.

Dated: New York, New York
April 11, 2008

> LAW OFFICES OF RAHUL WANCHOO
> Attorneys for Plaintiff
> Minmetals Shipping & Forwarding Co. Ltd.
>
> By: _Rahul Wanchoo_
>      Rahul Wanchoo (RW-8725)

## VERIFICATION

STATE OF NEW JERSEY )
                                 ss.
COUNTY OF BERGEN )

    I, Rahul Wanchoo, being duly sworn, deposes and says:

    I am an attorney at law and a member of the firm of Law Offices of Rahul Wanchoo, attorneys for Plaintiff.

    I have read the foregoing Verified Complaint and know the contents thereof and the same are true to the best of my knowledge, information and belief.

    The reason that this verification is made by me and not by Plaintiff is that Plaintiff is a foreign corporation and is not within this District.

*Rahul Wanchoo*

Sworn to and subscribed to
before me this 11th day of April, 2008.

_____
Notary Public

**Masha Elelman**
**Notary Public**
**State of New Jersey**
**My Comm. Expires Nov. 15, 2011**