**LAW OFFICES OF RAHUL WANCHOO**
Attorneys for Plaintiff
Empire State Building
350 Fifth Avenue, 59th Floor
New York, New York 10118
Phone:  (646) 593-8866
Fax:     (212) 618-0213
E-mail: rwanchoo@wanchoolaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

MINMETALS SHIPPING & FORWARDING
CO. LTD.

                 Plaintiff,

          - against -

HBC HAMBURG BULK CARRIERS GmbH, & KG.

               Defendant.

-----------------------------------------------------------X

ECF CASE

08 Civ. 3533 (RWS)

**DECLARATION OF RAHUL WANCHOO IN OPPOSITION TO VACATE MARITIME ATTACHMENT**

RAHUL WANCHOO hereby declares the following pursuant to 28 U.S.C. § 1746:

1.    I am a member admitted to the Bar of this Honorable Court and I am a principal in the firm of Law Offices of Rahul Wanchoo, attorneys for Plaintiff MINMETALS SHIPPING & FORWARDING CO. LTD.  (hereinafter "Minmetals" or "Plaintiff").

2.    I am fully familiar with the facts of this matter and submit this Declaration in opposition of the motion to vacate maritime attachment filed by HBC HAMBURG BULK CARRIERS GmbH, & KG. (hereinafter "HBC" or "Defendant").

3.    This action was brought by Minmetals in connection with a claim against HBC for breach of a charter party agreement dated March 5, 2008 made between HBC, as time chartered owner of the M.V. FLORIANA BREEZE ("Vessel"), and Minmetals, as charterer, in the amount of $1,981,689.00 inclusive of interests, costs and reasonable attorneys' fees. A copy of Minmetals' Verified Complaint is attached hereto as Exhibit 1.

4.    Pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime claims, Minmetals obtained an Ex Parte Order of Maritime Attachment and Garnishment from this Court on April 11, 2008 directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment ("PMAG") against any funds or other assets of HBC found within this Judicial District. In support of Minmetals' application for the Rule B attachment, undersigned counsel for Minmetals submitted an Affidavit which affirmed, inter alia, that an online search of the New York Department of State did not find any listings for HBC and that Defendant did not have any presence within the District. Copies of counsel's Affidavit and the Ex Parte Order of Maritime Attachment are attached hereto as Exhibits 2 and 3, respectively. As discussed at paragraph 8 below, on April 17, 2008 we filed a second affidavit in support of an amended application which clearly states that HBC is registered to do business in New York.

5.    On April 16, 2008, we received an email from HBC's New York Counsel stating that he was the attorney and registered agent in New York for HBC and that the Rule B attachment should be withdrawn immediately because HBC is "found" in the District. A copy of HBC's counsel's email of April 16, 2008 is attached hereto as Exhibit 4.

6.    Following HBC's counsel's advise that HBC is registered in New York, we immediately conducted a second online search of the files containing corporate records for the New

York Department of State which confirmed that HBC was registered in New York as a foreign limited partnership, and in August 2005 appointed Mr. Michael Unger of the law firm of Freehill and Mahar in New York as its registered agent. Our initial search failed to identify HBC's registration with the New York Department of State due to an innocent error in not including the acronym "HBC" preceding Defendant's name which excluded it from the online search results.[1]  We also obtained a telephone listing for HBC in the 212 area code from directory assistance. We called HBC's New York number twice, but no person answered the phone. We also searched the LexisNexis legal database and identified the case of *Erne Shipping Inc. v. HBC Hamburg Bulk Carriers GmbH & Co. Kg*, 409 F.Supp. 2d 427 (S.D.N.Y. 2006). In that case, the court held that HBC's filing with the New York Division of Corporations did not by itself mean that HBC was "found" within the District, and denied its motion to vacate the maritime attachment.

7.    On April 17, 2008, the undersigned spoke with HBC's counsel who confirmed that HBC has no office in New York. A print out from HBC's website, a copy of which is annexed hereto as Exhibit 5, confirms that it has offices in Hamburg, Germany and Melbourne, Australia, but no offices in the District. We also advised HBC's counsel that Minmetals would not withdraw the attachment as our further investigation had confirmed that HBC could not be "found" within the District.

8.    The day after HBC's counsel advised us that HBC is registered with the New York Secretary of State, we filed an amended Affidavit with the Court in support of

---

[1] The New York Division of Corporation's online corporate database has a default setting of names that "begins with". At paragraph 8 of his Affirmation, HBC's counsel points out that had the search been conducted using "contains" rather than "begins with" the information would have instantly been accessed. Unfortunately, we did not have HBC's counsel's benefit of hindsight at the time we conducted our initial search, otherwise this error would not have occurred.

Minmetals' amended application for a maritime attachment. Minmetals' Amended Verified Complaint seeks additional damages which had not been crystallized at the time of the filing of initial complaint. Copies of the amended Affidavit and the Amended Verified Complaint are attached hereto as Exhibits 6 and 7, respectively.

9.   On April 21, 2008 pursuant to our amended Affidavit and the Amended Verified Complaint, this Court issued an Amended Ex Parte Order of Maritime Attachment in the amount of $2,710,928.00 inclusive of interests, costs and reasonable attorneys' fees. Copies of the Amended Ex Parte Order and the amended PMAG are attached hereto as Exhibits 8 and 9, respectively.

10.  We subsequently served the Amended Ex Parte Order and the Amended PMAG on various non-party garnishee banks, including HSBC Bank and Bank of America. On April 21 and 22, 2008, Plaintiff attached two wire transfers payable to HBC in the amounts of $185,225.00 and $2,102,625.00 at HSBC Bank and the Bank of America, respectively. Following the restraint of HBC's funds by the banks, we promptly notified HBC's New York counsel of the attachment. Copies of the notices of maritime attachment dated April 21 and 22, 2008 are attached hereto as Exhibit 10.

11.  Annexed hereto as Exhibit 11 is a copy of the Declaration of Thomas Boggild, who was director of HBC on or about October 2005. HBC submitted Mr. Boggild's declaration in support of its motion to vacate the maritime attachment in *Erne Shipping*, supra.

12.  I declare under penalty of perjury that the foregoing is true and correct. Executed on April 28, 2008.

_____
RAHUL WANCHOO

# EXHIBIT 1

**LAW OFFICES OF RAHUL WANCHOO**
Attorneys for Plaintiff
Empire State Building
350 Fifth Avenue, 59th Floor
New York, New York 10118
Phone: (646) 593-8866
Fax:     (212) 618-0213
E-mail: rwanchoo@wanchoolaw.com



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

MINMETALS SHIPPING & FORWARDING
CO. LTD.

                Plaintiff,

          - against -

HBC HAMBURG BULK CARRIERS GmbH, & KG.

                Defendant.

----------------------------------------------------------X

ECF CASE

08 CIV ____ (___)

**VERIFIED COMPLAINT**

      Plaintiff, MINMETALS SHIPPING & FORWARDING CO. LTD. ("Plaintiff"), by its

attorneys, LAW OFFICES OF RAHUL WANCHOO, alleges on information and belief as

follows:

<u>**JURISDICTION AND VENUE**</u>

      1.     This is a case of admiralty and maritime jurisdiction within the meaning of Rule

9(h) of the Federal Rules of Civil Procedure, and within the admiralty and maritime jurisdiction

of the United States and of this Honorable Court. This case also falls under the Court's

admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. Finally, this Court also has

jurisdiction over this matter because the action also arises under the convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et. seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et. seq.*

## THE PARTIES

2.      At all material times, Plaintiff was and now is a foreign corporation organized under and existing by virtue of the laws of the People's Republic of China, and was the charterer of the M.V. FLORIANA BREEZE, ("Vessel"), a bulk carrier of about 39,005 deadweight tons capacity, engaged in carriage of bulk cargo by water.

3.      Upon information and belief, at all material times, Defendant, HBC BULK CARRIER GmbH & Co. KG ("Defendant"), was and now is a foreign corporation organized under and existing by virtue of the laws of Germany, and was the time chartered owner of the Vessel.

## FACTS GIVING RIGHTS TO CLAIM

4.      On or about March 5, 2008, a voyage charter party (the "Charter") was made between Plaintiff, as charterer of the Vessel, and HBC as owner whereby Plaintiff chartered the Vessel for the carriage of iron ore.

5.      Specifically, Plaintiff chartered the Vessel to carry a full and complete cargo of minimum 34,000 metric tons of iron ore from San Nicholas, Argentina to Kang Hong port, China (near Fu Zhou Province). It was an express term of the Charter that the Vessel "being warranted tight, staunch and strong, and in every way fitted for the voyage shall after delivery of her outward cargo, if any, proceed  with all convenient speed to one or two safe berth(s), one safe port of San Nicolás, Argentina." The Charter also provided a lay cancelling date of March 21, 2008 and freight was payable at $110 per metric ton F.I.O.S.T. basis.

2

6.    The Vessel was due to load from San Nicholas in March 2008 with a laycan of March 16-21, 2008. At Defendant's request, Plaintiff extended the Charter cancelling date to March 26, 2008. Defendant thereafter requested a further extension up to March 31, 2008. Plaintiff initially declined to grant the extension as the Vessel had been sub-chartered on back to back terms and the sub-charterer had its commitments under its sale contact with the sellers of the cargo. Subsequently the parties agreed that the Vessel would be accepted by Plaintiff provided that laytime would not start until the Vessel "was all made fast" at her loading berth. However, Defendant once again failed to meet that commitment. The Charter did not allow substitution by the Defendant.

7.    Initially, Defendant wrongly advised Plaintiff that the Vessel's delay was attributed to bad weather. Further delays were notified. However, Plaintiff subsequently discovered that the Vessel had suffered serious mechanical deficiency, which ultimately resulted in the Vessel being withdrawn from the service of the Defendant by the registered owner and was manifestly unable to perform the Charter with Plaintiff at any time constituting repudiatory breach. By reason of Defendant's misrepresentation and lack of reasonable care regarding true ETA and Vessel's position and/or breach of its duty to perform with reasonable dispatch, Plaintiff is entitled to damages for Defendant's failure to meet its obligations under the Charter following Plaintiff's acceptance of Defendant's repudiatory breaches.

8.    Plaintiff in order to meet its commitments under the sub-charter and to mitigate its damages has chartered, in difficult circumstances, a substitute vessel, although at a substantially higher freight rate of $149 per metric ton. The difference between the old charter rate and the new charter rate is $39 per metric ton ($110/mt - $149/mt), which amounts to an increased freight payable by the Plaintiff of $1,326,000.00 (34,000 mt x $39/mt).

9.     By reasons of the premises, Plaintiff has sustained damages in the amount of $1,326,000.00 as best as can presently be calculated.

10.     The Charter also provided in that, if any dispute arises between the parties, the matter in dispute shall be referred to arbitration and English Law to apply. In addition to its principal claim Plaintiff is also entitled, in London, to attorneys' fees and other taxable costs incurred or likely to be incurred in bringing this claim, which as best as can presently be calculated , are $300,000.00, and which are recoverable there. (*See Winter Storm Shipping, Ltd. v. TPI*, 310 F.3d 263, 265 (2d Cir. 2002), where the attachment that the Court of Appeals reinstated covered "an amount that includes interest and anticipated attorneys' and arbitrators' fees.")

11.     Arbitration of these disputes in London may take up to three years.  Plaintiff is entitled to and would receive compound interest at the rate of 8% compounded three-monthly from March 21, 2008 to February 28, 2011 to the completion of the arbitration of about $355,689.00.

12.     Plaintiff's total claim against Defendant for which it seeks security herein is $1,981,689.00 ($1,326,000.00  + $300,000.00+ $355,689.00)

13.     All and singular the premises are true and within the admiralty and maritime jurisdiction of this Honorable Court.

14.     Plaintiff brings this action by seeking an order of seizure of Defendant's goods and chattels, or credits and effects in the hands of garnishees to be named in the process, in the amount sued for herein, so that the Court shall have jurisdiction to direct Defendant to proceed with arbitration of Plaintiff's claim against Defendant and to retain jurisdiction to enter a judgment upon the arbitration award in the London arbitration.

**WHEREFORE,** the Plaintiff prays the following:

1.    That process in due form of law according to the practice of this Court in causes of admiralty and maritime jurisdiction may issue against Defendant, HBC Bulk Carriers GmbH & Co. Hamburg that it be personally cited to appear and answer the matters set forth above;

2.    That if the Defendant cannot be found within this District, then that Defendant's goods and chattels, or credits and effects within the hands of garnishees within the jurisdiction of this Court be attached by process pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims and in an amount sufficient to answer Plaintiff's claims of $1,981,689.00, the sum sued for in this Complaint;

3.    That the action thereafter be stayed pending the arbitration award and that a judgment be entered upon the award of the aforesaid arbitration for the amount of any recovery by Plaintiff, together with interest, costs and disbursements of this action; and

4.    That this Court grants to Plaintiff such other and further relief as may be just and proper in the circumstances.

Dated: New York, New York
       April 11, 2008

LAW OFFICES OF RAHUL WANCHOO
Attorneys for Plaintiff
Minmetals Shipping & Forwarding Co. Ltd.

By: _Rahul Wanchoo_____
    Rahul Wanchoo (RW-8725)

5

## **VERIFICATION**

STATE OF NEW JERSEY)

                           ss.

COUNTY OF BERGEN   )

         I,  Rahul Wanchoo, being duly sworn, deposes and says:

         I am an attorney at law and a member of the firm of Law Offices of Rahul Wanchoo, attorneys for Plaintiff.

         I have read the foregoing Verified Complaint and know the contents thereof and the same are true to the best of my knowledge, information and belief.

         The reason that this verification is made by me and not by Plaintiff is that Plaintiff is a foreign corporation and is not within this District.

                                        _Rahul Wanchoo_
                                        _____

Sworn to and subscribed to
before me this 11th day of April, 2008.

_____
Notary Public

**Masha Eielman
Notary Public
State of New Jersey
My Comm. Expires Nov. 15, 2011**

# EXHIBIT 2

**LAW OFFICES OF RAHUL WANCHOO**
Attorneys for Plaintiff
Empire State Building
350 Fifth Avenue, 59th Floor
New York, New York 10118
Phone:  (646) 593-8866
Fax:     (212) 618-0213
E-mail: rwanchoo@wanchoolaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

MINMETALS SHIPPING & FORWARDING    ECF CASE
CO. LTD.

                          Plaintiff,    08 CV ____ (     )

                - against -    **AFFIDAVIT IN SUPPORT OF**
**APPLICATION FOR**
**MARITIME ATTACHMENT**


HBC HAMBURG BULK CARRIERS
GmbH, & Co. KG

                      Defendant

-------------------------------------------------------------X

STATE OF NEW JERSEY  )
                        )   ss:
COUNTY OF BERGEN    )

      RAHUL WANCHOO, being duly sworn, deposes and says:

      1.     I am a member of the firm of Law Offices of Rahul Wanchoo attorneys for

Plaintiff, MINMETALS SHIPPING & FORWARDING CO. LTD. and make this affidavit in

support of Plaintiff's application for the issuance of Process of Maritime Attachment and

Garnishment pursuant to Rule B(1) of the Supplemental Rules for Certain Admiralty and

Maritime Claims of the Federal Rules of Civil Procedure.

2.     Based upon my inquires and to the best of my information and belief, Defendant,

HBC Hamburg Bulk Carriers GmbH, & Co. KG is a foreign corporation and that it cannot be

found within this District.

3.     I have not found Defendant listed in the New York telephone directory.  I have

also called the telephone directory assistance bureaus for this District (Area Codes 212, 718,

914), and have been informed by the operators that there are no listings for Defendant in any of

these areas.

4.     I have caused an online search to be made of the files containing corporate

records for the New York Department of State, which includes businesses registered to do

business in New York, and have found no listings for Defendant.

5.     I have caused a search to be made of the worldwide web using the Google search

engine and have not located any site that indicates Defendant has any presence within the

district.

7.     Accordingly I respectfully submit Defendant cannot be found within the district

and that process of maritime attachment and garnishment should be issued.

8.     No previous application for an Order of Attachment or similar relief has been

sought in this matter.

_____
RAHUL WANCHOO

Sworn to before me this
11th day of April, 2008.

_____
Notary Public

Masha Eielman
Notary Public
State of New Jersey
My Comm. Expires Nov. 15, 2011

2

# EXHIBIT 3

**LAW OFFICES OF RAHUL WANCHOO**
Attorneys for Plaintiff
Empire State Building
350 Fifth Avenue, 59th Floor
New York, New York 10118
Phone: (646) 593-8866
Fax: (212) 618-0213
E-mail: rwanchoo@wanchoolaw.com

```
┌─────────────────────────────┐
│ USDC SDNY                    │
│ DOCUMENT                     │
│ ELECTRONICALLY FILED         │
│ DOC #: _____       │
│ DATE FILED:  4/11/08         │
└─────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

MINMETALS SHIPPING & FORWARDING       ECF CASE
CO. LTD.

               Plaintiff,       08 CV _____ (      )

**EX PARTE ORDER OF**
**MARITIME ATTACHMENT**

       - against -

HBC HAMBURG BULK CARRIERS
GmbH, & Co.KG

               Defendant

--------------------------------------------------------------X

      **WHEREAS**, on April 11, 2008, Plaintiff, MINMETALS SHIPPING & FORWARDING

CO. LTD. filed a Verified Complaint herein for damages amounting to $1,981,689.00 inclusive

of interest, cost and reasonable attorneys' fees, and praying for the issuance of Process of

Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain

Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and

      **WHEREAS**, the Process of Maritime Attachment and Garnishment would command that

the United States Marshal or other designated process server attach any and all of the

Defendant's property within the District of this Court up to the amount of $1,981,689.00; and

**WHEREAS,** the Court has reviewed the Verified Complaint and the supporting affidavit, and the conditions of the Supplemental Admiralty Rule B appearing to exist, it is hereby

**ORDERED,** that Process of Maritime Attachment and Garnishment shall issue against all tangible or intangible property belonging to, claimed by or being held for the Defendant by any garnishees within this District, including but not limited to, JPMORGAN CHASE BANK, UBS AG, CITIBANK, N.A., BANK OF NEW YORK, BANK OF AMERICA, HSBC BANK, DEUTSCHE BANK, WACHOVIA BANK, BARCLAYS, BNP PARIBAS, AMERICAN EXPRESS BANK and STANDARD CHARTERED BANK, and in an amount up to and including $1,981,689.00 pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and it is further

**ORDERED** that any person claiming an interest in the property attached or garnished pursuant to said order shall, upon application to the Court, be entitled to a prompt hearing at which the Plaintiff shall be required to show cause why the attachment and garnishment should not be vacated or other relief granted; and it is further

**ORDERED** that supplemental process enforcing the Court's Order may be issued by the Clerk upon application without further Order of the Court; and it is further

**ORDERED** that following initial service by the United States Marshal or other designated process server upon each garnishee, that supplemental service of the Process of Maritime Attachment and Garnishment, as well as this Order, may be made by way of facsimile transmission or by electronic mail to any garnishee; and it is further

**ORDERED** that service on any garnishee described above is deemed effective continuous service throughout the day from the time of such service through the opening of the garnishee's business the next business day; and it is further

2

**ORDERED** that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D) each garnishee may consent, in writing, to accept service by any other means; and it is further

**ORDERED** that a copy of this Order be attached to and served with said Process of Maritime Attachment and Garnishment.

Dated:  New York, New York
      April 11, 2008

_____
U.S.D.J.

CERTIFIED AS A TRUE COPY ON

THIS DATE____9-18-08_____

BY_____
        ( ) Clerk
        (X) Deputy

3

# EXHIBIT 4

**Rahul Wanchoo**

| | |
|---|---|
| **From:** | UNGER, MICHAEL E. [UNGER@FREEHILL.COM] |
| **Sent:** | Wednesday, April 16, 2008 11:02 AM |
| **To:** | rwanchoo@wanchoolaw.com |
| **Subject:** | Minmetals Shipping & Forwarding Co Ltd v. Hbc Hamburg Bulk Carriers Gmbh |

Dear Rahul,

As I mentioned in the voice message which I just left for you, I am the attorney and registered agent in NY for HBC Hamburg Bulk Carriers. Please call me today to discuss the above Rule B attachment which should be withdrawn immediately due to the fact that HBC is found in the SDNY.

Kind regards,

Mike Unger
Freehill Hogan & Mahar, LLP
80 Pine Street
New York, NY 10005-1759
Tel: (212) 425-1900
Fax: (212) 425-1901
Cell: (516) 857-0535

---

PLEASE NOTE: The information contained in this message is privileged and confidential, and is intended only for the use of the individual named above and others who have been specifically authorized to receive such. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you received this communication in error, or if any problems occur with transmission, please notify us immediately by telephone - (212) 425-1900. Thank you.

# EXHIBIT 5



**CONTACT**

HBC Hamburg Bulk Carriers GmbH & Co. KG
Neumühlen 15

D-22763 Hamburg

Phone: +49 40 800 982 – 0
Fax: +49 40 800 982 – 99
Telex: 212230
E-Mail: chartering@hbc-hamburg.com
ops@hbc-hamburg.com

Office Australia:
HBC Hamburg Bulk Carriers (Australasia) Pty Ltd.
Suite 4, Level 11
580 St. Kilda Road
3004 Melbourne Victoria

Phone: +61 3 9526 3670
Fax: +61 3 9525 2343
E-Mail: cboyle@hbcaustralasia.com.au

# EXHIBIT 6

**LAW OFFICES OF RAHUL WANCHOO**
Attorneys for Plaintiff
Empire State Building
350 Fifth Avenue, 59th Floor
New York, New York 10118
Phone: (646) 593-8866
Fax:    (212) 618-0213
E-mail: rwanchoo@wanchoolaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MINMETALS SHIPPING & FORWARDING                    ECF CASE
CO. LTD.

               Plaintiff,                     08 Civ. 3533 (RWS)

          - against -                    **AFFIDAVIT IN SUPPORT OF**
                                  **AMENDED APPLICATION FOR**
                                  **MARITIME ATTACHMENT**

HBC HAMBURG BULK CARRIERS
GmbH, & Co. KG

               Defendant

------------------------------------------------------------X

STATE OF NEW JERSEY  )
                    )   ss:
COUNTY OF BERGEN   )

     RAHUL WANCHOO, being duly sworn, deposes and says:

     1.     I am a member of the firm of Law Offices of Rahul Wanchoo attorneys for

Plaintiff, MINMETALS SHIPPING & FORWARDING CO. LTD. and make this affidavit in

support of Plaintiff's application for the issuance of Process of Maritime Attachment and

Garnishment pursuant to Rule B(1) of the Supplemental Rules for Certain Admiralty and

Maritime Claims of the Federal Rules of Civil Procedure.

2.      Based upon my inquires and to the best of my information and belief, Defendant,

HBC Hamburg Bulk Carriers GmbH, & Co. KG is a foreign corporation and that it cannot be

found within this District.

3.      I have called the telephone directory assistance bureau for this District (Area

Codes 212, 718, 914), and have been informed by the operators that there is a telephone listing

for Defendant in the 212 Area Code, namely 212-751-7233. However, when I called that number

twice I got no response from the other side.

4.      I have caused an online search to be made of the files containing corporate

records for the New York Department of State, which includes businesses registered to do

business in New York. Our initial search was made using the name "Hamburg Bulk Carriers

GmbH, & Co. KG", which inadvertently did not include the acronym "HBC" preceeding the

name, and found no listings for Defendant. A subsequent search of the New York Corporations

database using the complete name "HBC Hamburg Bulk Carriers GmbH, & Co. KG" shows that

Defendant is registered in New York State as a foreign limited partnership in August 2005 and

appointed Mr. Michael Unger of the law firm of Freehill Hogan & Mahar in New York as its

registered agent.

5.      I have caused a search to be made in LexisNexis and have identified the case of

Ernie Shipping v. HBC Hamburg Bulk Carriers, 409 F. Supp. 2d 427 (S.D.N.Y. 2006), in which

the court discusses Defendant's business contacts with New York and held that those contacts

were insufficient for Defendant to be "found" within the District.

6.      I have caused a search to be made of the worldwide web using the Google

search engine and have not located any site that indicates Defendant has any presence within the

District.

7.    Accordingly I respectfully submit Defendant cannot be found within the district and that the amended process of maritime attachment and garnishment should be issued.

_Rahul Wanchoo_

RAHUL WANCHOO

Sworn to before me this
17th day of April, 2008.

_Michael D. Zeal_

Notary Public

Michael C. Zeale
Notary Public State of New Jersey
My Commission Expires
August 8, 2010

3

# EXHIBIT 7

**LAW OFFICES OF RAHUL WANCHOO**
Attorneys for Plaintiff
Empire State Building
350 Fifth Avenue, 59th Floor
New York, New York 10118
Phone:  (646) 593-8866
Fax:     (212) 618-0213
E-mail: rwanchoo@wanchoolaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————X

MINMETALS SHIPPING & FORWARDING
CO. LTD.

                                      Plaintiff,

                - against -

HBC HAMBURG BULK CARRIERS GmbH, & KG.

                                      Defendant.

————————————————————X

ECF CASE

08 Civ. 3533(RWS)
AMENDED
VERIFIED COMPLAINT

        Plaintiff, MINMETALS SHIPPING & FORWARDING CO. LTD.  ("Plaintiff"), by its

attorneys, LAW OFFICES OF RAHUL WANCHOO, alleges on information and belief as

follows:

## JURISDICTION AND VENUE

        1.      This is a case of admiralty and maritime jurisdiction within the meaning of Rule

9(h) of the Federal Rules of Civil Procedure, and within the admiralty and maritime jurisdiction

of the United States and of this Honorable Court. This case also falls under the Court's

admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. Finally, this Court also has

jurisdiction over this matter because the action also arises under the convention on the

Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et. seq.*

and/or the Federal Arbitration Act, 9 U.S.C. §1 *et. seq.*

### THE PARTIES

2.      At all material times, Plaintiff was and now is a foreign corporation organized

under and existing by virtue of the laws of the People's Republic of China, and was the

charterer of the M.V. FLORIANA BREEZE, ("Vessel"), a bulk carrier of about 39,005

deadweight tons capacity, engaged in carriage of bulk cargo by water.

3.      Upon information and belief, at all material times, Defendant, HBC HAMBURG

BULK CARRIER GmbH & Co. KG ("Defendant"), was and now is a foreign corporation

organized under and existing by virtue of the laws of Germany, and was the time chartered

owner of the Vessel.

### FACTS GIVING RIGHTS TO CLAIM

4.      On or about March 5, 2008, a voyage charter party (the "Charter") was made

between Plaintiff, as charterer of the Vessel, and HBC as owner whereby Plaintiff chartered the

Vessel for the carriage of iron ore.

5.      Specifically, Plaintiff chartered the Vessel to carry a full and complete cargo of

minimum 34,000 metric tons of iron ore from San Nicholas, Argentina to Kang Hong port,

China (near Fu Zhou Province).  It was an express term of the Charter that the Vessel "being

warranted tight, staunch and strong, and in every way fitted for the voyage shall after delivery

of her outward cargo, if any, proceed with all convenient speed to one or two safe berth(s), one

safe port of San Nicolas, Argentina." The Charter also provided a lay cancelling date of March

21, 2008 and freight was payable at $110 per metric ton F.I.O.S.T. basis.

2

6.    The Vessel was due to load from San Nicholas in March 2008 with a laycan of March 16-21, 2008. At Defendant's request, Plaintiff extended the Charter cancelling date to March 26, 2008. Defendant thereafter requested a further extension up to March 31, 2008. Plaintiff initially declined to grant the extension as the Vessel had been sub-chartered on back to back terms and the sub-charterer had its commitments under its sale contact with the sellers of the cargo. Subsequently the parties agreed that the Vessel would be accepted by Plaintiff provided that laytime would not start until the Vessel "was all made fast" at her loading berth. However, Defendant once again failed to meet that commitment. The Charter did not allow substitution by the Defendant.

7.    Initially, Defendant wrongly advised Plaintiff that the Vessel's delay was attributed to bad weather. Further delays were notified. However, Plaintiff subsequently discovered that the Vessel had suffered serious mechanical deficiency, which ultimately resulted in the Vessel being withdrawn from the service of the Defendant by the registered owner and was manifestly unable to perform the charter with Plaintiffs at any time constituting repudiatory breach. By reason of Defendant's misrepresentation and lack of reasonable care regarding true ETA and Vessel's position and/or breach of its duty to perform with reasonable dispatch, Plaintiff is entitled to damages for Defendant's failure to meet its obligations under the charter following Plaintiffs' acceptance of Defendant's repudiatory breaches.

8.    Plaintiff in order to meet its commitments under the sub-charter and to mitigate its damages has chartered, in difficult circumstances, a substitute vessel, although at a substantially higher freight rate of $149 per metric ton. The difference between the old charter rate and the new charter rate is $39 per metric ton ($110/mt - $149/mt), which amounts to an increased freight payable by the Plaintiff of **$1,326,000.00** (34,000 mt x $39/mt).

3

9.    In addition to the increased freight payable by Plaintiff, calculated above, Plaintiff is liable for storage costs at San Nicholas due to delay and non-arrival of the Vessel from March 16 to April 16 2008 based on a quantity of 35,000 metric tons of cargo in the amount of $240,000.00.

10.    Due to adverse weather conditions, the substitute vessel, M.V. GUNDULIC will be delayed for about 2-3 days and thus unable to meet the original laycan as per the charter party. The shipper of the cargo, Rio Tinto ("Rio") has agreed to accept the late arrival of the vessel on the condition that laytime will not commence until berthing. Rio has refused to give any extension of laycan. Rio claims that it has already given extensions to the M.V. FLORIANA BREEZE and is not prepared to give any further extensions. Owners of the GUNDULIC have notified Plaintiff that it is at a liberty to cancel the charter party, but will not agree to bear the risk of waiting for a berth at San Nicholas. Accordingly, to keep the vessel and persuade Rio from accepting same, Plaintiff in order to minimize further substantial losses, has to bear the delays at the loading port estimated to be about 4 days. Thus, in addition to the increased freight Plaintiff will incur additional losses of about $160,000.00 (4 days @ charter party demurrage rate of $40,000 per day).

11.    Plaintiff also faces a loss of profit claim from the sub charterer for its failure to lift the cargo within the contractually agreed period, and consequently its failure to meet the contractual delivery window of between late April and early May 2008. Plaintiff estimates that the market price of iron ore has fallen by $5 per metric ton, which was clearly foreseeable by the Defendant when the parties concluded the Charter. Thus, due to Defendant's breach of the Charter Plaintiff may face a loss of profit claim from the sub charterer of about $175,000.00 (35,000 mt x $5/mt).

4

12.    As a result of Defendant's aforesaid breach of its obligations under the Charter, Plaintiff estimates that it has been or soon will be damaged in the amount of $1,901,000.00 as best as can presently be calculated.

13.    The Charter also provided in that, if any dispute arises between the parties, the matter in dispute shall be referred to arbitration and English Law to apply. In addition to its principal claim Plaintiff is also entitled, in London, to attorneys' fees and other taxable costs incurred or likely to be incurred in bringing this claim, which as best as can presently be calculated , are $300,000.00, and which are recoverable there. (*See Winter Storm Shipping, Ltd. v. TPI*, 310 F.3d 263, 265 (2d Cir. 2002), where the attachment that the Court of Appeals reinstated covered "an amount that includes interest and anticipated attorneys' and arbitrators' fees.")

14.    Arbitration of these disputes in London may take up to three years.  Plaintiff is entitled to and would receive compound interest at the rate of 8% compounded three-monthly from March 21, 2008 to February 28, 2011 to the completion of the arbitration of about $509,928.00.

15.    Plaintiff's total claim against Defendant for which it seeks security herein is $2,710,928.00 ($1,901,000.00 + $300,000.00 + $509,928.00).

16.    All and singular the premises are true and within the admiralty and maritime jurisdiction of this Honorable Court.

17.    Plaintiff brings this action by seeking an order of seizure of Defendant's goods and chattels, or credits and effects in the hands of garnishees to be named in the process, in the amount sued for herein, so that the Court shall have jurisdiction to direct Defendant to proceed

5

with arbitration of Plaintiff's claim against Defendants and to retain jurisdiction to enter a judgment upon the arbitration award in the London arbitration.

**WHEREFORE,** the Plaintiff prays the following:

1.    That process in due form of law according to the practice of this Court in causes of admiralty and maritime jurisdiction may issue against Defendant, HBC Bulk Carriers GmbH & Co. Hamburg that it be personally cited to appear and answer the matters set forth above;

2.    That if the Defendant cannot be found within this District, then that Defendant's goods and chattels, or credits and effects within the hands of garnishees within the jurisdiction of this Court be attached by process pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims and in an amount sufficient to answer Plaintiff's claims of $2,710,928.00, the sum sued for in this Amended Complaint;

3.    That the action thereafter be stayed pending the arbitration award and that a judgment be entered upon the award of the aforesaid arbitration for the amount of any recovery by Plaintiff, together with interest, costs and disbursements of this action; and

4.    That this Court grants to Plaintiff such other and further relief as may be just and proper in the circumstances.

Dated: New York, New York
       April 17, 2008

LAW OFFICES OF RAHUL WANCHOO
Attorneys for Plaintiff
Minmetals Shipping & Forwarding Co. Ltd.

By:    Rahul Wanchoo
       Rahul Wanchoo (RW-8725)

6

## VERIFICATION

STATE OF NEW JERSEY)

　　　　　　　　　　　　　　ss.

COUNTY OF BERGEN　)

I, Rahul Wanchoo, being duly sworn, deposes and says:

I am an attorney at law and a member of the firm of Law Offices of Rahul Wanchoo, attorneys for Plaintiff.

I have read the foregoing Verified Complaint and know the contents thereof and the same are true to the best of my knowledge, information and belief.

The reason that this verification is made by me and not by Plaintiff is that Plaintiff is a foreign corporation and is not within this District.

_Rahul Wanchoo_

Sworn to and subscribed to
before me this 17th day of April, 2008.

_Michael A. Zaid_
Notary Public

Michael C. Zaslo
Notary Public State of New Jersey
My Commission Expires
August 8, 2010

# EXHIBIT 8

**LAW OFFICES OF RAHUL WANCHOO**
Attorneys for Plaintiff
Empire State Building
350 Fifth Avenue, 59th Floor
New York, New York 10118
Phone: (646) 593-8866
Fax:     (212) 618-0213
E-mail: rwanchoo@wanchoolaw.com

```
┌─────────────────────────────┐
│ USDC SDNY                   │
│ DOCUMENT                    │
│ ELECTRONICALLY FILED        │
│ DOC #: _____        │
│ DATE FILED: 04-21-08        │
└─────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

|  |  |
|---|---|
| MINMETALS SHIPPING & FORWARDING CO. LTD. | ECF CASE |
| Plaintiff, | 08 Civ. 3533 (RWS) |
|  | **AMENDED EX PARTE ORDER OF MARITIME ATTACHMENT** |
| - against - |  |
| HBC HAMBURG BULK CARRIERS GmbH, & Co.KG |  |
| Defendant |  |

-------------------------------------------------------------X

**WHEREAS**, on April 11, 2008, Plaintiff, MINMETALS SHIPPING & FORWARDING

CO. LTD. filed a Verified Complaint herein for damages amounting to $1,981,689.00 inclusive

of interest, cost and reasonable attorneys' fees, and praying for the issuance of Process of

Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain

Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and

**WHEREAS**, on April 18, 2008, Plaintiff filed an Amended Verified Complaint herein

for damages amounting to $2,710,928.00 inclusive of interest, cost and reasonable attorneys'

fees, and praying for the issuance of Amended Process of Maritime Attachment and Garnishment

pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the

Federal Rules of Civil Procedure; and

**WHEREAS**, the Amended Process of Maritime Attachment and Garnishment would

command that the United States Marshal or other designated process server attach any and all of

the Defendant's property within the District of this Court up to the amount of $2,710,928.00; and

**WHEREAS**, the Court has reviewed the Amended Verified Complaint and the

supporting affidavit, and the conditions of the Supplemental Admiralty Rule B appearing to

exist, it is hereby

**ORDERED**, that Amended Process of Maritime Attachment and Garnishment shall issue

against all tangible or intangible property belonging to, claimed by or being held for the

Defendant by any garnishees within this District, including but not limited to, JPMORGAN

CHASE BANK, UBS AG, CITIBANK, N.A., BANK OF NEW YORK, BANK OF AMERICA,

HSBC BANK, DEUTSCHE BANK, WACHOVIA BANK, BARCLAYS, BNP PARIBAS,

AMERICAN EXPRESS BANK and STANDARD CHARTERED BANK, and in an amount up

to and including $2,710,928.00 pursuant to Rule B of the Supplemental Rules for Certain

Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and it is further

**ORDERED** that any person claiming an interest in the property attached or garnished

pursuant to said order shall, upon application to the Court, be entitled to a prompt hearing at

which the Plaintiff shall be required to show cause why the attachment and garnishment should

not be vacated or other relief granted; and it is further

**ORDERED** that supplemental process enforcing the Court's Order may be issued by the

Clerk upon application without further Order of the Court; and it is further

2

**ORDERED** that following initial service by the United States Marshal or other designated process server upon each garnishee, that supplemental service of the Amended Process of Maritime Attachment and Garnishment, as well as this Order, may be made by way of facsimile transmission or by electronic mail to any garnishee; and it is further

**ORDERED** that service on any garnishee described above is deemed effective continuous service throughout the day from the time of such service through the opening of the garnishee's business the next business day; and it is further

**ORDERED** that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D) each garnishee may consent, in writing, to accept service by any other means; and it is further

**ORDERED** that a copy of this Order be attached to and served with said Amended Process of Maritime Attachment and Garnishment.

Dated:  New York, New York
      April 17, 2008

_____
U.S.D.J.
4.21.08

3

# EXHIBIT 9

# AMENDED PROCESS OF MARITIME ATTACHMENT
## AND GARNISHMENT

Docket No.: **08 Civ. 3533**

## THE PRESIDENT OF THE UNITED STATES OF AMERICA

To the Marshal of the Southern District of New York –

**GREETINGS:**

    **WHEREAS** an Amended Verified Complaint has been filed in the United States District Court for the Southern District of New York on the 17th day of April 2008 by

**LAW OFFICES OF RAHUL WANCHOO** (RW-8725)
Attorneys For Plaintiff
Empire State Building
350 Fifth Avenue, 59th Floor
New York, New York 10118
Phone: (646) 593-8866
Fax:    (212) 618-0213
E-mail: rwanchoo@wanchoolaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————X

MINMETALS SHIPPING & FORWARDING
CO. LTD.
                Plaintiff,

     - against -

HBC HAMBURG BULK CARRIERS GmbH,
& Co. KG.
                Defendant

————————————————————————X

in a certain action for damages for breach of a charter party dated on or about March 5, 2008 therein alleged to be due and owing said Plaintiff amounting to $2,710,928.00 and praying for process of maritime attachment and garnishment against the said Defendant, and

    **WHEREAS**, this process is issued pursuant to such prayer and requires that a garnishee shall serve his answer, together with answers to any interrogatories served with the complaint, within 20 days after service of process upon him and requires that Defendant shall serve their answer within 30 days after process has been executed, whether by attachment of property or service on the garnishee.

**NOW, THEREFORE,** we do hereby command you that if the said Defendant, cannot be found within the District you attach goods and chattels belonging to said Defendant, and, if such goods and chattels cannot be found up to the amount sued for, that you attach all credits and effects up to the amount sued for, to wit, $2,710,928.00 in the hands of:

| | |
|---|---|
| **JPMORGAN CHASE BANK** | **WACHOVIA BANK** |
| **UBS AG** | **BARCLAYS BANK** |
| **CITIBANK, N.A.** | **BNP PARIBAS** |
| **BANK OF NEW YORK** | **AMERICAN EXPRESS BANK** |
| **BANK OF AMERICA** | **STANDARD CHARTERED BANK** |
| **HSBC BANK** | **DEUTSCHE BANK** |

including, but not limited to any funds belonging to or being transferred to or from Defendant or its accounts in Germany, which may come into the hands of the Correspondent and/or Intermediary Banks in New York, identified above, and that you promptly after execution of this process, file the same in this Court with your return thereon.

**WITNESS,** the Honorable Robert W. Sweet, Judge of said Court, this 17th day of April, 2008, and of our independence the two hundred and fortieth.

J. MICHAEL McMAHON

CLERK OF THE COURT

BY: _____

DEPUTY CLERK

Attorneys for Plaintiff
Law Offices Of Rahul Wanchoo (RW-8725)
Empire State Building
350 Fifth Avenue, 59th Floor
New York, New York 10118
Tel. (646) 593-8866
Fax. (212) 618-0213

*NOTE: This Process is issued pursuant to Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.*

# EXHIBIT 10

## LAW OFFICES OF RAHUL WANCHOO

Empire State Building
350 Fifth Avenue, 59th Floor
New York, New York 10118
Telephone: (201) 882-0303
Facsimile: (212) 618-0213
E-Mail: rwanchoo@wanchoolaw.com
Web site: www.wanchoolaw.com

Law Offices of Rahul Wanchoo
357 Westfield Avenue
Ridgewood, New Jersey 07450

April 21, 2008

**Via Facsimile – (212) 425-1901**
HBC Hamburg Bulk Carriers Gmbh & Co. KG.

C/o Freehill Hogan & Mahar, LLP
80 Pine Street
New York, NY 10005-1759

Attention: Michael Unger, Esq.

RE:  **Minmetals Shipping & Forwarding Co. Ltd. v. HBC Hamburg Bulk Carriers Gmbh & Co. KG., 08 Civ. 3533 (RWS)**

Dear Sirs,

We represent Minmetals Shipping & Forwarding Co. Ltd. in the above referenced lawsuit. Please be advised that pursuant to an ex parte order of maritime attachment and garnishment issued in the above referenced lawsuit your property was attached on or about April 21, 2008 at HSBC Bank in the amount of $185,225. This notice is sent pursuant to Local Admiralty Rule B.2 of the Local Rules of Civil Procedure of the United States District Court for the Southern District of New York.

Please let us know if you have any questions in this matter.

Very truly yours,

LAW OFFICES OF RAHUL WANCHOO

By: _Rahul Wanchoo_
Rahul Wanchoo

## LAW OFFICES OF RAHUL WANCHOO

Empire State Building
350 Fifth Avenue, 59th Floor
New York, New York 10118
Telephone: (201) 882-0303
Facsimile: (212) 618-0213
E-Mail: rwanchoo@wanchoolaw.com
Web site: www.wanchoolaw.com

**Law Offices of Rahul Wanchoo**
357 Westfield Avenue
Ridgewood, New Jersey 07450

April 22, 2008

## SUPPLEMENTAL NOTICE OF MARITIME ATTACHMENT

**Via Facsimile – (212) 425-1901**
HBC Hamburg Bulk Carriers Gmbh & Co. KG.
C/o Freehill Hogan & Mahar, LLP
80 Pine Street
New York, NY 10005-1759

Attention: Michael Unger, Esq.

RE:   **Minmetals Shipping & Forwarding Co. Ltd. v. HBC Hamburg Bulk Carriers Gmbh & Co. KG., 08 Civ. 3533 (RWS)**

Dear Sirs,

Further to our fax of yesterday, please be advised that pursuant to an ex parte order of maritime attachment and garnishment issued in the above referenced lawsuit your property was attached on or about April 22, 2008 at Bank of America in the amount of $2,102,625.00. This notice is sent pursuant to Local Admiralty Rule B.2 of the Local Rules of Civil Procedure of the United States District Court for the Southern District of New York.

Please let us know if you have any questions in this matter.

Very truly yours,

LAW OFFICES OF RAHUL WANCHOO

By: _Rahul Wanchoo_
    Rahul Wanchoo

# EXHIBIT 11

423-05/MEU
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Defendant
HBC HAMBURG BULK CARRIERS, GMBH & CO. KG
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax

Michael E. Unger (MU 0045)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ERNE SHIPPING INC.,

                           Plaintiff,

      - against -

HBC HAMBURG BULK CARRIERS,
GMBH & CO. KG,

        Defendant.
------------------------------------------------------------x

05 CIV 8915 (RMB)

DECLARATION OF
THOMAS BOGGILD
PURSUANT TO 28 U.S.C. § 1746

       THOMAS BOGGILD declares and says as follows:

       1.     I am the Director of Defendant HBC HAMBURG BULK CARRIERS GMBH & CO. KG (hereinafter "HBC"). I submit this Declaration in support of HBC's Motion to vacate the attachment.

       2.     HBC is concerned that the restraint of its property, including wire transfers passing through New York, will pose a disruption to HBC's business by leading to the unwitting breach of contracts, with consequent damages to HBC's reputation, and will result in an unnecessary expenditure of legal expenses.

## Corporate Background

3.     HBC was initially established as a German corporation in 1999.  In 2001 the company was converted from a corporation to a German limited partnership.

4.     HBC is a substantial company with a strong and solid reputation in the industry.

5.     HBC is a provider of ocean-going transportation for bulk cargoes and also acts as a commercial ship management company for third-parties.

6.     HBC has chartered more than 400 vessels during the years 2000-2005 and performed more than 695 voyages out of which 134 voyages were related to the United States.   In addition, from 2000 to date, HBC has operated numerous vessels as commercial managers for other shipowners.

7.     Worldwide, HBC earned revenues of approximately $406 million gross in the years 2000 – 2004.  Of this figure, approximately $69.5 million gross was earned as a result of doing business with United States based shippers, receivers, and charterers. As of end June 2005 HBC earned a total of approximately $482 million gross $73 million gross was earned as a result of doing business with United States based shippers, receivers, and charterers.

## New York Contacts

8.     From shortly after its formation in 1999, HBC has regularly conducted business in New York.

9.     From 2000 to date, HBC has fixed 16 vessels with shipbrokers located in New York. These brokers include Steel Traders Shipping Ltd. of Nyack, New York, Steel Traders Chartering of Irvington, New York, Lalemant (USA) Inc. of Tarrytown, New York

10.    HBC also regularly contracts with New York-based companies to carry cargoes. The three New York-based companies which HBC contracts with most often are TCP Petcoke Corp. of 1114 Avenue of the Americas, New York, New York 10036; Hugo Neu Schnitzer Global Trade LLC of 110 Fifth Avenue, New York, New York 10011; and Netmar 1992 Inc. of 5 Dakota Drive, Suite 204, Lake Success, New York 11042.

11.    Since the year 2000, HBC has contracted with TCP Petcoke to carry cargoes aboard eight different vessels; with Netmar Inc. for cargoes aboard two vessels; and with Hugo Neu for four cargoes aboard four different vessels. Copies of the first page of the charters with these three companies are annexed hereto as Exhibit A.

12.    HBC has also agreed to resolve disputes in New York arbitration arising out of charters with Alcoa Steamship Co. of Pittsburgh, PA and Oxbow Carbon & Minerals, Inc. of West Palm Beach, FL. Copies of the relevant charter party clauses are annexed hereto as Exhibit B.

13.    As recently as August 22, 2005, HBC fixed a cargo with Holcim through NY-based broker Midship.

14.    HBC has in the past and continues to actively market its services to other New York-based cargo shippers. In this regard, employees of HBC have visited New York as recently as December 2003. During this period Mr. Georg Greilinger, one of the partners of HBC attended in New York and met with various current and potential customers based in New York such as TCP, Midship, Peraco, L.B. Chartering, Lalemant, TXB Shipping Inc NJ. Mr. Greilinger also attended at the Connecticut Maritime Association convention held in Stamford, Connecticut where he met with numerous other New York-based companies with whom HBC does business or with whom HBC has marketed its services.

15.    HBC has earned revenues approximately $ 8.79 Million gross from shipments undertaken on behalf of New York-based companies from October 2000 to June 2004.

16.    Since 2003 to date, HBC has contracted with Fleetweather of Hopewell Junction, New York to provide weather routing information for over 80% of the vessels operated by HBC. As such, HBC has almost daily contact with this New York-based company.  HBC also occasionally retains the services of Fleetweather to conduct post-voyage analysis for vessels HBC has chartererd when there is a dispute in which weather is a factor.  On average through today, HBC pays Fleetweather approximately $32.000 per year for its services.

17.    HBC has also chartered two ships, the mv Challenger and Philippos which have called in the Port of New York in the recent past.

18.    HBC intends to continue to expand its presence in New York so as to make itself a more attractive business partner for U.S. companies.  To this extent, HBC intends in the near future to establish a branch or representative office.

19.    A spreadsheet listing all charters performed by HBC on behalf of New York-based companies since 2000 is annexed hereto as Exhibit C.

**HBC's Decision to Register in New York**

21.    HBC has regularly conducted  business in New York since its inception in 1999. HBC's continuing and expanding business in New York, together with HBC's regular business with Connecticut-based charter brokers and cargo shippers, led to HBC's decision to register with the New York State Department of State Division of Corporations in August 2005 so as to create a formal presence within the United States in New York City.

22.    HBC determined that a formal presence in New York would also help to serve HBC's growing connections with cargo shippers located elsewhere throughout the United States.

23.    HBC is comfortable with the fact that its registration in New York makes it liable to answer any suit brought by any party in any New York court for any amount of damages.

24.    Mr. Michael Unger at the Freehill law firm was appointed as agent to receive service of process on behalf of HBC at his office located at 80 Pine Street, New York, NY 10005.

25.    From the time of its inception, HBC has had regular business transactions in New York, New York with companies based or doing business here.

26.    I understand that counsel for Plaintiff Erne Shipping has claimed that in a case captioned "Commercial Metals Company v. M/V YICK FAT, 04-CV-0435 (VM)," in which HBC was named as a third-party defendant but never formally appeared in the suit either by way of answer or motion, Mr. George Chalos, the attorney appointed on behalf of HBC by its insurers, purportedly contended that the Southern District of New York lacked personal jurisdiction over HBC.

27.    I have reviewed the declaration given by Mr. George Chalos, in the case captioned "Ferelpis Shipping Co., Ltd. v. HBC Hamburg Bulk Carriers GmbH & Co., KG, 05-CV-7676 (SHS)", (in which the same attorneys acting for Erne Shipping in this case represented Plaintiff Ferelpis Shipping) in which Mr. Chalos indicates that to the extent he may have raised the Court's lack of personal jurisdiction over HBC, such defense was based upon the failure of the third party plaintiff to have properly served HBC.

NYDOCS1/248495.1                                    5

28.    HBC never directly or indirectly authorized a representation to be made to the Court in the *YICK FAT* case that it was not subject to personal jurisdiction on any ground except to the extent HBC had not been properly served.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

Executed at Hamburg, Germany on October 28, 20005.

THOMAS BOGGILD