UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

MINMETALS SHIPPING & FORWARDING
CO. LTD.

                         Plaintiff,

              - against -

HBC HAMBURG BULK CARRIERS GmbH, & KG.

                         Defendant.

-----------------------------------------------------------X

ECF CASE

08 Civ. 3533 (RWS)

## MEMORANDUM OF LAW IN OPPOSITION TO HBC HAMBURG BULK CARRIERS GmbH, & KG's MOTION TO VACATE MARITIME ATTACHMENT

**Law Offices of Rahul Wanchoo**
Attorneys for Plaintiff
Empire State Building
350 Fifth Avenue, 59th Floor
New York, New York 10118
Phone:  (646) 593-8866

Of Counsel:

Rahul Wanchoo, Esq.

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES                                                        ii

PRELIMINARY STATEMENT                                                       1

SUMMARY OF ARGUMENT ON REPLY                                                1

ARGUMENT

      POINT 1

      MINMETALS HAS SATISFIED THE REQUIREMENTS OF
      RULE B                                                               2

      POINT II

      HBC CANNOT BE FOUND WITHIN THE SOUTHERN DISTRICT
      OF NEW YORK                                                          3

      A.    HBC DOES NOT CONDUCT SUBSTANTIAL BUSINESS
              IN THE DISTRICT                                            4

      B.    AUTHORIZATION TO DO BUSINESS DOES NOT CONFER
              JURISDICTION                                               8

      POINT III

      THE AFFIDAVIT USED TO OBTAIN ORDER OF ATTACHMENT
      WAS TRUE AND ACCURATE                                                10

CONCLUSION                                                                 11

i

## **TABLE OF AUTHORITIES**

**Cases**

*Aqua Stoli Shipping Ltd. v. Gardner Smith Pty. Ltd.*, 460 F.3d 434,
438 (2d Cir.2006)...............................................................................3, 8, 10

*Antco Shipping Co. v. Yukon Compania Naviera, S.A.* 318 F. Supp.
626 (S.D.N.Y. 1970)..........................................................................7 – 8

*Bay Casino, LLC v. M/V ROYAL EMPRESS*, 20 F. Supp. 2d 440
(S.D.N.Y. 1998)...............................................................................5, 8

*Centauri Shipping Ltd. v. Western Bulk Carriers KS*, 07 CV 4761
(S.D.N.Y. September 7, 2007)...........................................................10

*Daniel v. American Bd. Of Emergency Medicine*, 988 F. Supp. 127,
129 (W.D.N.Y. 1997).........................................................................6

*Det Bergenski Dampskibsselskab v. Sabre Shipping Corp.*, 341 F. 2d
50 (2d Cir. 1965)...............................................................................8

*D/S A/S Flint v. Sabre Shipping Corp.*, 228 F. Supp 384
(E.D.N.Y. 1964).................................................................................8

*Erne Shipping Inc. v. HBC Hamburg Bulk Carriers GmbH & Co. KG*,
409 F. Supp. 2d 427 (S.D.N.Y. 2006)...............................................4,5,6,7

*Express Sea Transport Corp v. Novel Commodoties S.A.*, 06 CV 2404
(S.D.N.Y. May 4, 2006).....................................................................10

*Integrated Container Service, Inc., v. Starlines Container Shipping, Ltd.*,
476, F. Supp. 119 (S.D.N.Y. 1979)...................................................7, 9, 10

*Seawind Compania, S.A. v. Crescent Line Inc.*, 320 F.2d 580, 582
(2d Cir 1963).....................................................................................4, 10

*Stark Carpet Corp. v. M-Geough Robinson, Inc.*, 481 F. Supp. 499,
505 (S.D.N.Y. 1980)..........................................................................7

*Tide Line, Inc. v. Eastrade Commodities, Inc.*, 2007 AMC 252
(S.D.N.Y. August 15, 2006)...............................................................4

*VTT Vulcan Petroelum v. Langham Hill Petroleum*, 684 F. Supp. 389
(S.D.N.Y. 1988).................................................................................4,6,9,10

## PRELIMINARY STATEMENT

Plaintiff, Minmetals Shipping & Forwarding Co. Ltd. ("Minmetals"), by and through its undersigned counsel, Law Offices of Rahul Wanchoo respectfully submits this Memorandum of Law and the accompanying Declaration of Rahul Wanchoo (Wanchoo Decl.) in Opposition to HBC Hamburg Bulk Carriers, GMBH & Co. KG ("HBC") motion to vacate the maritime attachment issued pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule B"). HBC seeks to vacate the Rule B attachment obtained by Minmetals on the grounds that it can be "found within the district" (i.e., the Southern District of New York) because it filed an application for authority to do business in New York, and is therefore, subject to personal jurisdiction in New York. The mere filing of an application for authority to do business, even when coupled with HBC's very minimal contacts to New York do not rise to the level of contact required to be "found within" the Southern District.

Accordingly, the process of maritime attachment is proper because:

1.     It is undisputed that Minmetals has a valid admiralty claim against HBC;

2.     HBC cannot be found within the district;

3.     It is undisputed that HBC's property can be found within the district; and

4.     It is undisputed that there is no statutory or maritime law bar to the attachment.

## ARGUMENT

## POINT I

## MIMETALS HAS SATISFIED THE REQUIREMENTS OF RULE B

It is well-established admiralty law that a plaintiff is entitled to issuance of a maritime

attachment against a defendant's property located in the district if the plaintiff satisfies the

minimal requirements of Supplemental Rule B of the Federal Rules of Civil Procedure, to wit,

filing of a verified complaint praying for an attachment and an affidavit stating that to the best of

plaintiff's knowledge, the defendant cannot be found within the district. *See* <u>Aqua Stoli</u>

<u>Shipping Ltd. V. Gardner Smith Pty Ltd.</u>, 460 F.3d 434, 438 (2d Cir. 2006).[1]  In <u>Aqua Stoli</u>, the

Court of Appeals clarified the elements of a plaintiff's *prima facie* case, stating:

> We therefore hold that, in addition to having to meet the filing and service requirements
> of Rules B and E, an attachment *should* issue if the plaintiff shows that 1) it has a valid
> prima facie admiralty claim against the defendant; 2) the defendant cannot be found
> within the district; 3) the defendant's property may be found within the district; and 4)
> there is no statutory or maritime law bar to the attachment.

*Id*. at 444-45.  (emphasis added)

HBC does not claim, and therefore concedes, that (i) Minmetals has a valid prima facie

admiralty claim; (ii) HBC's property may be "found within the district"; and (iii) there is no

---

[1]    Supplemental Rule B provides, in relevant part:

> If a defendant is not found within the district . . . a verified complaint may contain a
> prayer for process to attach the defendant's tangible or intangible personal property . . .
> The plaintiff or the plaintiff's attorney must sign and file with the complaint an affidavit
> stating that, to the affiant's knowledge, or on information and belief, the defendant cannot
> be found within the district.  The court must review the complaint and affidavit and, if the
> conditions of this Rule B appear to exist, enter an order so stating and authorizing process
> of attachment and garnishment.

statutory or maritime law bar to the attachment. Nor has HBC claimed that Minmetals failed to "meet the filing and service requirements of Rules B and E." Id. at 445-45; Tide Line, Inc. v. Eastrade Commodities, Inc., 2007 AMC 252 (S.D.N.Y. Aug. 15, 2006). To the contrary, HBC's sole contention is that it can be "found within the district" because (i) it is registered to do business in New York; and (ii) it does business in New York. As will be discussed herein, HBC's submissions are insufficient to show that it can be found within the Southern District of New York.

## POINT II
## HBC CANNOT BE FOUND WITHIN
## THE SOUTHERN DISTRICT OF NEW YORK

To obtain a maritime attachment, Supplemental Rule B requires a showing that the defendant cannot be "found within the district" where the attachment is sought, here the Southern District of New York. The Court of Appeals has held that this requirement presents a "two-pronged inquiry: First, whether (the respondent) can be found within the district in terms of jurisdiction, and second, if so, whether it can be found for service of process." Erne Shipping Inc. v. HBC Hamburg Bulk Carriers, 409 F. Supp.2d 427, 432 (S.D.N.Y. 2006) (holding that HBC, defendant here, *not* found within the Southern District of New York), *citing* Seawind Compania, S.A. v. Crescent Line, Inc., 320 F.2d 580, 582 (2d Cir. 1963).[2]

In other words, the defendant must be able to accept process as well as being "engaged in sufficient activity in the *district* to subject it to jurisdiction even in the absence of a resident agent expressly authorized to accept process." VTT Vulcan Petroleum v. Langham-Hill Petroleum, Inc., 684 F. Supp. 389 (S.D.N.Y. 1988). With regards to the first prong, courts have

---

[2]  The service of process prong is not at issue since HBC has an authorized agent to accept process within the district.

have historically not found a defendant within the jurisdiction of a federal district court unless "*in the recent past it has conducted substantial commercial activities in the district and will probably continue to do so in the future.*" Bay Casino, LLC v. M/V Royal Empress, 20 F. Supp.2d 440, 451 (E.D.N.Y. 1998) (holding defendant that directed its vessel, sent payment to plaintiff, executed and breached charter in New York to be "found within the district"); Erne Shipping, 409 F. Supp.2d at 433 (holding under similar facts that HBC was not "found within the district" because its contacts with New York were not "continuous and systematic").

### A. HBC Does Not Conduct Substantial Business in the District

HBC has not introduced any evidence to establish that it has such a "continuous and systematic" presence in New York in general, or the Southern District in specific.

HBC does not allege that it has an office or bank account in New York; has any property in New York; whether it has a phone listing in New York, whether it does public relations work there; or whether it has individuals permanently located in the state to promote its interests.[3] These are usual elements of an inquiry as to whether a defendant is jurisdictionally present. See Erne Shipping, 409 F. Supp.2d at 434 (holding that under either federal or New York law, to determine whether a defendant's contacts are "continuous and systematic", courts focus on factors such as "whether the company has an office in the state, whether it has any bank accounts or other property in the state, whether it has a phone listing in the state, whether it does public relations work there, and whether it has individuals permanently located in the state to promote its interests.")

---

[3]  As set forth in the Declaration of Rahul Wanchoo, HBC does have a phone number listed with directory assistance; however, no one answers that telephone.

To the contrary, HBC claims, without any evidentiary support, that it:

(i)     Chartered *20* ships in the last 8 years through the services of New York ship brokers. Declaration of Mathias Vogt at ¶ 9. However, during this same time frame, HBC chartered over *750* ships, apparently from non-New York brokers. *Id.* at ¶ 6.

(ii)    Regularly contracts with New York-based companies to carry cargoes; entered into Forward Freight Agreements negotiated by a New York company; and contracted with Fleetweather for weather routing information. *Id.* at ¶ 10-11 and 14.

(iii)   Agreed to New York arbitration of various disputes and employed New York law firms. *Id.* at ¶ 12-13.

(iv)    Had three vessels call in the Port of New York in the "recent past". *Id.* at ¶ 15.

(v)     Has and continues to actively market to New York based shippers and have visited New York and Connecticut. *Id.* at ¶ 16.

Absent from this cursory listing of *past contacts* is any concrete and substantiated evidence of any current or future contracts with businesses in the Southern District of New York. This is insufficient as a matter of law.  It is well established that past business activities in New York or the mere formalities of registration, by themselves or in combination, will not satisfy the presence test.  See <u>VTT Vulcan Petroleum</u>, 684 F. Supp. 389; <u>Integrated Container Service, Inc.</u> <u>v. Starlines Container Shipping, Ltd.</u>, 476 F. Supp. 119 (S.D.N.Y. 1979). Indeed, in <u>VTT Vulcan</u> <u>Petroleum</u>, the defendant, a foreign company, conducted a commodities trading business from its offices in the World Trade Center until *one month* before the attachment of its assets.  Despite that its registration to do business was still in effect and it had an agent for service in the district, the court held that the defendant could no longer be found in the district based on its prior business activities.

Similarly, although HBC pays lip-service to jurisdiction based on a "solicitation plus" test (*see* HBC's Memorandum of Law at pp. 10 – 13), it has not provided any evidence to

5

support argument in its brief. The only "evidence" HBC has submitted with its papers, namely, the Vogt Declaration, is devoid of any facts to support the regular and systematic solicitation claimed solely in HBC's memorandum. This is insufficient. *See* <u>Daniel v. American Bd. of Emergency Medicine</u>, 988 F. Supp. 127, 129 (W.D.N.Y. 1997) ("courts have generally refused to find jurisdiction under the solicitation plus doctrine when revenues derived from solicitation in New York state comprise an insubstantial percentage of a defendant's total sales"); <u>Stark Carpet Corp. v. M-Geough Robinson, Inc.</u>, 481 F. Supp. 499, 505 (S.D.N.Y. 1980) (no jurisdiction where defendant derived 2% of its total income from business in New York, visited New York four times per year, and did not carry on its solicitation from a "permanent locale" within the state.) Here, all of HBC's contacts are "sporadic and not carried out from a permanent location in the State or by its agents or employees in the State", and HBC cannot rely on the "solicitation plus" doctrine to avoid the attachment. <u>Erne Shipping</u>, 409 F. Supp.2d 435.

Interestingly, in <u>Erne Shipping</u>, another instance where HBC attacked the validity of a Rule B attachment served in the Southern District, HBC relied on a declaration making substantively similar claims of contacts with New York. *See* Declaration of Thomas Boggild annexed as Exhibit 11 to the Wanchoo Decl. For example, it stated in <u>Erne Shipping</u> that it chartered 16 vessels from New York ship brokers through 2005 (thus it has chartered only 4 additional vessels in the three years since), and that three vessels called in the Port of New York (presumably the same three vessels mentioned by HBC here). *Id. at ¶ 9.* Further, HBC claimed at that time that it intended to "establish a physical office in New York in the future" and is "generally aware of the tax implications . . . and is currently investigating which New York accounting firm it will hire to handle HBC's accounting needs." <u>Erne Shipping</u>, 409 F. Supp.2d at 431. Since HBC made no allegation here that it is committed to opening a New York office, it

must have determined that it was not advantageous for it to actually do business in the Southern

District.

Magistrate Judge Gorenstein, in a thorough, well-reasoned opinion, found that HBC's

contacts fell far short of the "continuous and systematic" activity required by either New York or

federal law to subject a foreign company to a suit on a cause of action unrelated to its contracts,

holding:

> HBC has no office in the state. It has no property in the state. It has no phone
> listing or employees located in the state. It does not advertising in the state. It
> has caused an employee to come to New York State to solicit business exactly
> once. Essentially, all it has done is enter into a few contractual arrangements each
> year during the past five years that involve, in part, New York companies. These
> contracts, although not insignificant in amount, represent a tiny fraction
> (approximately2%) of HBC's overall revenue. While some of these contracts
> have caused vessels to dock within New York State's jurisdiction, these visits
> have no great jurisdictional significance . . . Only *one contract, involving HBC's
> subscription to receive weather information, is ongoing.* HBC's entry into two
> contracts in the past that contained agreements to arbitrate in New York is of little
> significance, as are its plans to someday open an office in New York.

*Id.* at 434.

HBC cannot establish that it has a continuous and systematic presence in the Southern

District of New York sufficient to confer general jurisdiction.[4]

### B. Authorization to do Business Does Not Confer Jurisdiction

---

[4]      In a point overlooked by HBC, not only must a defendant have sufficient contacts with the jurisdiction, for
purposes of Rule B, those contacts must equate to a showing that it is found in the particular federal district, here the
Southern District. Indeed, "clever plaintiffs" have long sought "across-the river attachments" where a defendant has
offices in one district, for example the Eastern District, but assets in the Southern. *See e.g.,* D/S A/S Flint v. Sabre
Shipping Corp., 228 F. Supp. 384 (E.D.N.Y.1964), *aff'd on other grounds sub nom.* Det Bergenski
Dampskibsselskab v. Sabre Shipping Corp., 341 F.2d 50 (2d Cir. 1965); Antco Shipping Co. v. Yukon Compania
Naviera, S.A., 318 F. Supp. 626 (S.D.N.Y. 1970). Indeed, the Second Circuit specifically held that a court *may*
vacate an attachment in these "across the river" cases. *See* Aqua Stoli.

Recognizing, as it must, that its contacts to the district are tenuous and insufficient to confer general jurisdiction in the district, HBC devotes the majority of its memorandum of law to its position that its decision to file an application for authority to do business as an authorized foreign limited partnership in New York is sufficient by itself to permit a finding that HBC is found within this District.   Magistrate Gorenstein rejected the identical argument of HBC in Erne Shipping.

Further, as previously mentioned, the court in VTT Vulcan Petroleum, 684 F. Supp. 389 and Integrated Container Service, 476 F. Supp. 119 both implicitly rejected the position that filing alone is sufficient.  Indeed, in both of those cases, the foreign defendants had actually maintained offices and conducted business in the Southern District of New York until a matter of months before the attachments at issue.  However, at the time of the attachments, the corporations' authorizations to do business in New York were still in effect.  In VTT Vulcan Petroleum, the court found that all jurisdictional contacts were in the past, unrelated to the subject matter of the litigation and insufficient to render defendant "found" within the district. While the court did not state directly, a necessary element of its holding was that the authorization to do business was insufficient by itself to cause a business to be "found" within the district.  684 F. Supp. at 391 –92.

Here, HBC has no office in the district and, apparently, has no plans to open one, and has no employees in New York.  The only factor present is the authorization to do business, without any evidence of actual business being done.  This is insufficient as a matter of law.  Importantly, the holdings of both VTT Vulcan Petroleum and Integrated Container Service were relied upon and approved by the Court of Appeals in Aqua Stoli. 460 F.3d 434.

HBC relies on two recent and unreported decisions to support its position. *See* <u>Express Sea Transport Corp. v. Novel Commodities S.A.</u>, 06 cv 2404 (S.D.N.Y. May 4, 2006); <u>Centauri Shipping Ltd. V. Western Bulk Carriers KS</u>, 07 cv 4761 (S.D.N.Y. Sept. 7, 2007). These cases both rely upon a misinterpretation of <u>Seawind</u>, 320 F.2d 580 and its progeny. Specifically, for example, Judge Lynch held that <u>Seawind</u> provides support for the proposition that if there is specific jurisdiction over a defendant (i.e., the litigation arises out of a New York contract) then a defendant is "found" irrespective of its commercial presence in the district. <u>Express Sea Transport</u> at pp. 8 – 9. <u>Seawind</u>, however, does not support the holdings in those cases. As discussed in <u>VTT Vulcan Petroleum</u>:

> Seawind cannot be read to suggest that past contacts with the forum -- apart from contacts which specifically relate to the subject matter of the litigation -- can be used to show "jurisdictional presence" in the maritime attachment context. Past general jurisdictional contacts, unrelated to the subject matter of the litigation, provide no security to a plaintiff who wants to ensure that any judgment in its favor might be satisfied. Unlike specific jurisdictional contacts which do not terminate when a defendant physically leaves the forum state, general jurisdictional contacts do terminate when the defendant physically ends all continuous and systematic contact with the forum. Although past general jurisdictional contacts might satisfy due process concerns in other contexts, such past general jurisdictional contacts cannot satisfy the "jurisdictional presence" prong of the test for vacating a maritime attachment.

684 F. Supp. at 394.

Accordingly, HBC's authorization to do business does not mean that it is "found within the district" for purposes of a Rule B attachment.

## POINT III

### THE AFFIDAVIT USED TO OBTAIN ORDER
### OF ATTACHMENT WAS TRUE AND ACCURATE

Defendant alleges that the attachment should be vacated because the Affidavit in Support of Application for Maritime Attachment submitted by Rahul Wanchoo was misleading because it failed to mention HBC's New York State registration. HBC is being less than candid in its papers.

While it is correct that the April 11, 2008 Affidavit was based on a search of the New York State online corporate database which did not show a listing for HBC, no property was attached based on this initial filing. *See* Wanchoo Decl. at ¶ 6. To the contrary, shortly after filing the initial pleadings, counsel for HBC contacted counsel for Minmetals and advised that HBC was, in fact, registered in New York. HBC's counsel confirmed, however, that HBC does not have an office in New York. *Id.* at ¶ 7. Accordingly, counsel performed a further search of the records and located the filing. Based on this new information, Minmetals filed an Amended Application on April 17, 2008, supported by an Affidavit in Support of Amended Application for Maritime Attachment. This Affidavit clearly advised the Court that HBC is registered to do business in New York. *Id.* at ¶ 8.

On April 21, 2008, the Court issued the Amended Ex Parte Order authorizing attachment of HBC's property. *Id.* at ¶ 9. Critically, the Court issued this Order <u>after</u> review of the second Affidavit, and after the Court satisfied itself that HBC cannot be "found within the district". Accordingly, both the Order and the attachment were based on true and correct information and there is no basis for an equitable vacatur of the attachment.

## **CONCLUSION**

WHEREFORE, for all the foregoing reasons, HBC is not "found within the district" and

the process of maritime attachment was properly issued. Accordingly, Minmetals respectfully

requests that the Court deny HBC's motion to vacate in it is entirety.

Dated: New York, New York
      April 28, 2008

                                           Respectfully submitted,

                                           **LAW OFFICES OF RAHUL WANCHOO**
                                         **Attorneys for Plaintiff**
                                         **Minmetals Shipping & Forwarding Co. Ltd.**

                           By:    _Rahul Wanchoo_

                                   Rahul Wanchoo (RW-8725)

Freehill Hogan & Mahar, LLP
Attorneys for Defendant
HBC Hamburg Bulk Carriers, GMBH & Co. KG
80 Pine Street
New York, NY 10005-1759

Attention: Michael Unger, Esq.

11