UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------X

MINMETALS SHIPPING & FORWARDING CO. LTD.,

                   Plaintiff,        08 Civ. 3533

   -against-                      OPINION

HBC HAMBURG BULK CARRIERS, GMBH & CO. KG,

                   Defendant.

-------------------------------------X

A P P E A R A N C E S:

    Attorney for Plaintiff

    LAW OFFICES OF RAHUL WANCHOO
    350 Fifth Avenue
    59th Floor
    New York, New York 10118
    By:  Rahul Wanchoo, Esq.

    Attorney for Defendants

    FREEHILL, HOGAN & MAHAR, LLP
    80 Pine Street
    New York, New York 10005
    By:  Michael E. Unger, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/24/08

**Sweet, D.J.,**

Defendant HBC Hamburg Bulk Carriers, GmbH, & Co. KG ("HBC") has moved, pursuant to Supplemental Rule E(4)(f), Fed. R. Civ. P., for an order vacating the April 11, 2008 <u>ex parte</u> order authorizing issuance of the Process of Maritime Attachment and Garnishment ("PMAG") obtained by Plaintiff Minmetals Shipping & Forwarding Co. Ltd. ("Minmetals") pursuant to Supplemental Rule B, directing the release of funds restrained pursuant to the PMAG, and dismissing the underlying verified complaint.

**I.   Prior Proceedings**

On April 11, 2008, Minmetals filed a complaint against HBC alleging that HBC had breached the charter party entered into by the parties on or about March 5, 2008. In support of the accompanying request for the issuance of a maritime attachment, Minmetals' counsel submitted an affidavit in which he attested to having "caused an online search to be made of the files containing corporate records for the New York Department of State" which resulted in no listings for the Defendant.

1

On April 14, 2008, the PMAG was issued, and attachment of $1,981,689 of Defendant's funds was authorized. On April 17, 2008, an amended order was issued authorizing attachment of funds totaling up to $2,710,928 million. The amended order was supported by a further affidavit by Minmetals' counsel, in which he stated that the "initial search [of the New York State Department of State records] . . . inadvertently did not include the acronym 'HBC'" but "a subsequent search of the New York Corporations database using the complete name 'HBC Hamburg Bulk Carriers GmbH & Co. KG' shows that Defendant [] registered in New York State as a foreign limited partnership in August 2005 and appointed Mr. Michael Unger of the law firm of Freehill Hogan & Mahar in New York as its registered agent."

The instant motion to vacate the attachment was heard and marked fully submitted on April 30, 2008.

## II. Discussion

### i. *The Rule B Standard*

A Rule B maritime attachment will not issue unless the plaintiff can establish four basic

2

prerequisites: (1) the plaintiff has an in personam maritime claim against the defendant within the court's admiralty jurisdiction; (2) the defendant cannot be "found within the district" where the action is commenced; (3) property belonging to the defendant is present or soon will be present within the district; and (4) there is no statutory or general maritime law proscription of the attachment. Aqua Stoli Shipping Ltd. v. Gardner Smith Pty. Ltd., 460 F.3d 434, 445 (2d Cir. 2006). Supplemental Rule B(1)(b), Fed. R. Civ. P., provides for initial judicial review at the time that a plaintiff applies for Rule B relief, and such review is typically conducted ex parte. The Rule provides that "[t]he court must review the complaint and affidavit and, if the conditions of this Rule B appear to exist, enter an order so stating and authorizing process of attachment and garnishment." Nonetheless, "a district court must vacate an attachment if the plaintiff fails to sustain his burden of showing [at a hearing held pursuant to Rule E(4)(f)] that he has satisfied the requirements of Rules B and E." Id.

Rule B provides, in pertinent part:

3

> (1) **When Available; Complaint, Affidavit, Judicial Authorization, and Process.** In an in personam action:
> (a) If a defendant is not found within the district, a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property—up to the amount sued for—in the hands of garnishees named in the process. (b) The plaintiff or the plaintiff's attorney must sign and file with the complaint an affidavit stating that, to the affiant's knowledge, or on information and belief, the defendant cannot be found within the district.

The Rule itself does not explain what "found" means, but the Second Circuit has held that the Rule requires "a two-pronged inquiry: First, whether [the defendant] can be found within the district in terms of jurisdiction, and second, if so, whether it can be found for service of process." Seawind Compania, S.A. v. Crescent Line, Inc., 320 F.2d 580, 582 (2d Cir. 1963). As the parties now agree that, at all relevant times, HBC had a registered agent for service of process on file with the State, and therefore the second prong of the inquiry has been satisfied, at issue here is the first prong of the inquiry, whether HBC can be "found" within the district for jurisdictional purposes.

4

### *ii. HBC Can Be "Found" for Jurisdictional Purposes by Virtue of its Registration with the State*

The law in New York is well-settled that a corporation registered to do business in New York is subject to the personal jurisdiction of the New York courts. Iyalla v. TRT Holdings, Inc., No. 04 Civ. 8114 (NRB), 2005 U.S. Dist. LEXIS 14913, at *8 (S.D.N.Y. July 25, 2005) (citing Cannon v. Newmar Corp., 210 F. Supp. 2d 461, 463 n.2 (S.D.N.Y. 2002)); Augsbury Corp. v. Petrokey Corp., 270 N.Y.S.2d 787, 789 (App. Div. 1983) (stating that defendant's "authorization to do business in the State and concomitant designation of the Secretary of State as its agent for service of process pursuant to subdivision (b) of section 304 of the Business Corporation Law is consent to in personam jurisdiction" which "has been found to satisfy due process"). Moreover, "receiving authorization to do business in New York and designating the Secretary of State as an agent for service of process is sufficient to confer jurisdiction regardless of whether any business is actually conducted in the State." Speed v. Pelican Resort N.V., No. 91 Civ. 7686 (SWK), 1992 U.S. Dist. LEXIS 8278, at *2 (S.D.N.Y. June 12, 1992).

5

With regard to maritime attachments, "[i]n evaluating the jurisdictional presence factor under Rule B, the Second Circuit and the majority of district courts in this Circuit have focused principally upon that party's amenability to suit rather than the party's economic and physical activities in the district at issue." Centauri Shipping Ltd. v. Western Bulk Carriers KS, 528 F. Supp. 2d 186, 191 (S.D.N.Y. 2007).

Here, relying principally upon Erne Shipping Inc. v. HBC Hamburg Bulk Carriers GmbH & Co. KG, 409 F. Supp. 2d 427 (S.D.N.Y. 2006), Minmetals contends that in order to be subject to the Court's jurisdiction for the purposes of a Rule B attachment, a defendant must have a "continuous and systematic" presence in the district. In Erne Shipping, the Honorable Gabriel W. Gorenstein found that, in light of the purposes of maritime attachment, namely "(1) to provide security for the plaintiff is a suit is successful, and (2) to assure the defendant's appearance in an action," id. at 438 (citing Winter Storm Shipping Ltd. v. TPI, 310 F.3d 263, 268 (2d Cir. 2002)), authorization to do business in the state as a foreign corporation was alone insufficient to satisfy the jurisdiction requirement of Rule B, despite "ample New York case law stating that [filing as a foreign

6

corporation with the State] is sufficient to subject a foreign corporation to general jurisdiction for any cause of action in New York State." Id. at 437-38. Magistrate Judge Gorenstein concluded that a rule requiring "actual presence in the district" to defeat a Rule B attachment, in the form of business activity beyond merely filing with the state, would make it "far more likely that assets might be located in the district to levy should the suit be successful." Id. at 438. He also concluded that, "with respect to assuring the defendant's appearance in the action, the mere act of filing provides no assurance that suit could be instituted in the future since the authorization can be surrendered unilaterally at any time." Id.

However, in Express Sea Transport Corp. v. Novel Commodities S.A., No. 06 Civ. 2404 (GEL) (S.D.N.Y. May 4, 2006), the Honorable Gerard E. Lynch vacated an attachment entered against a foreign corporation because, inter alia, the defendant corporation was registered as a foreign corporation within the State of New York, and was, as a result, "subject to suits in the courts of this district, and therefore . . . found within the district for purposes of jurisdiction." Id., Hr'g Tr. 4, May 4, 2006 (citing

7

Iyalla, 2005 Westlaw 1765707 at *3). Noting that "the relevant issue is amenability to suit," Judge Lynch rejected the argument that a defendant may only be found within the district if it engages in substantial commercial activity within the district. In so doing, he explicitly disagreed with Erne Shipping, stating that it "appears to . . . be in conflict with Seawind." Hr'g Tr. 5. He added that Magistrate Judge Gorenstein's conclusion in Erne Shipping that a requirement of "actual presence" would make it more likely that assets would be found in the district was "inapposite," as "[a] Rule B attachment presupposes that there are assets in the district." Id. Moreover, Judge Lynch found that the ability of a foreign corporation to withdraw its registration was "somewhat irrelevant," as once a complaint is filed and a registered foreign corporate defendant is served, it is subject to the court's jurisdiction, regardless of any subsequent withdrawal. Id.

Subsequent to Judge Lynch's decision in Express Sea Transport, the Honorable Richard J. Sullivan vacated a maritime attachment on the basis that "the defendant is and was at all times relevant to the attachment a registered foreign corporation within the State of New York" and therefore, "under New York law, has consented to

8

jurisdiction in the courts of this state." Centauri Shipping Ltd. v. Western Bulk Carriers KS, No. 07 Civ. 4761 (RJS), Hr'g Tr. at 4 (Sept. 7, 2007). In doing so, Judge Sullivan, noting the plaintiff's reliance Erne Shipping, expressly adopted the conclusion set forth in Express Sea Transport that "the key inquiry relating to the jurisdictional prong of the Seawind test is whether the defendant is amenable to suit within the district." Judge Sullivan stated that "[a]lthough such amenability may at times be demonstrated tacitly through the existence of continuous and systematic contacts . . . such contacts are by no means the only method of demonstrating a defendant's jurisdictional presence in the district. In fact, the language and context of Seawind suggests that the inquiry into the intra-district activities of the defendant is most relevant perhaps as a default in the absence of more explicit manifestations of jurisdictional acquiescence," such as registration with the State. Id.

This Court will follow the decisions of Judges Lynch and Sullivan in concluding that, by virtue of its registration as a foreign corporation authorized to do business in New York State, HBC was, at all relevant times, "found" within this district. Therefore, the requirements

9

of Rule B not having been met, the attachment should be vacated.

It is so ordered.

New York, NY
June 19, 2008

ROBERT W. SWEET
U.S.D.J.

10